IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| Rader Mae Davis, | ) | Case No.: 10-03274-BGC13 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Rader Mae Davis, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | AP No.: 10-00083-BGC |
| | ) | |
| Wells Fargo Financial | ) | |
| Alabama, Inc., | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION
GRANTING IN PART AND
DENYING IN PART MOTION TO DISMISS

The matter before the Court is Wells Fargo Financial Alabama, Inc.'s <u>Motion To Dismiss Counterclaim</u>. A.P. Docket No. 5. A hearing was held on September 15, 2010. Appearing were: Mr. A. Wilson Webb, the debtor's attorney; Mr. James H. White and Ms. Catherine Long, attorneys for Wells Fargo; and Mr. Charles E. King, the attorney for the Trustee. The matter was submitted on the pleadings, the record in this case, and arguments and briefs of counsel. As discussed below, the Court finds that Wells Fargo's motion should be granted in part and denied in part.

I. FINDINGS OF FACT

Ms. Rader Mae Davis, the debtor, purchased an automobile on February 19, 2008, with funds borrowed from Wells Fargo. As part of that transaction, Ms. Davis executed a "Note and Security Agreement" which required her to pay Wells Fargo $14,710.08, which included principal and interest, in 48 monthly installments of $306.46. See <u>Attachment to Claim No. 1</u> filed on June 3, 2010, in the pending main case. That document contains disclosures required by the Truth in Lending Act, 15 U.S.C. § 1601, <u>et seq</u>.

Ms. Davis filed the pending Chapter 13 case on May 28, 2010. On schedule D of her petition, she listed a debt to Wells Fargo. Main Case Docket No. 1. The listing does not indicate that the debt was disputed.

Ms. Davis proposed in the Chapter 13 plan she filed with her petition to pay the balance of the debt she owes to Wells Fargo in 60 monthly installments of $144 each. Main Case Docket No. 6.

Wells Fargo filed Claim No. 1 in the pending Chapter 13 case on June 3, 2010, for $6,482.55. That amount corresponded to the balance on the February 19, 2008, "Note and Security Agreement" as of the date Ms. Davis filed her petition.

On June 25, 2010, the debtor filed an Objection and Counterclaim in both her Chapter 13 Case No. 10-03274 as Docket No. 20 and separately as a complaint that generated Adversary Proceeding No. 10-00083. The Court has treated that document as an Objection to Claim in the Chapter 13 case and as a Complaint in the adversary proceeding. Both allege violations of section 1638 of the Truth and Lending Act, 15 U.S.C. § 1638, and Regulation Z, 12 C.F.R. § 226.18, in connection with the February 19, 2008, "Note and Security Agreement." The debtor filed an Amended Objection & Counterclaim on June 28, 2010. Adversary Proceeding Docket No. 3.

In her Objection and Counterclaim, Ms. Davis seeks to reduce the amount of Wells Fargo's claim through recoupment. The debtor alleges that she is entitled to credit for what she alleges Wells Fargo owes her as a result of its alleged violation. The debtor states in Count I of her objection, "Debtor moves the court to sustain her objection by reducing the amount of Defendant's Claim #1 plus such other relief as may be available under non bankruptcy law." Objection and Counterclaim at 2. She asks in Count II for the Court to award her, "statutory damages of $1,000.00..." for the alleged TILA violation, "to be applied in recoupment to reduce the debt owed, if any, and if not then to be awarded as damages to the debtor;" Objection and Counterclaim at 4.

In the prayer for relief found in Count II of her objection, the debtor also seeks an award of statutorily authorized attorney fees and costs if she wins.

Wells Fargo filed the pending Motion to Dismiss Counterclaim on July 30, 2010. Adversary Proceeding Docket No. 5.

## II. CONCLUSIONS OF LAW

Wells Fargo contends that Ms. Davis' TILA recoupment counterclaim is barred by the applicable 1 year statute of limitations.

Ms. Davis contends that TILA permits prosecution of claims based on its provisions for purposes of setoff and recoupment beyond the expiration of the limitations period.

2

The applicable statute provides as follows:

Any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation or, in the case of a violation involving a private education loan (as that term is defined in section 1650(a) of this title), 1 year from the date on which the first regular payment of principal is due under the loan. **This subsection does not bar a person from asserting a violation of this subchapter in an action to collect the debt which was brought more than one year from the date of the occurrence of the violation as a matter of defense by recoupment or set-off in such action, except as otherwise provided by State law.**

15 U.S.C.A. § 1640(e)(emphasis added).

### A. Recoupment

The Eleventh Circuit Court of Appeals has concluded that a debtor may raise a violation of TILA as a counterclaim to a claim filed by a creditor in a bankruptcy case. Ferris v. Chrysler Credit Corp. (In re Ferris), 764 F.2d 1475, 1477 (11th Cir. 1985).

Federal Rule of Civil Procedure 13(a)(1)(A) provides, a compulsory counterclaim is a claim that the pleader has against an opposing party that, "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim...." Fed. R. Civ. P. 13(a)(1)(A).[1] The court in Plant v. Blazer Fin. Servs., Inc. (In re Plant), 598 F.2d 1357, 1363 (5th Cir. 1979) concluded that a creditor's claim for recovery of a debt arises out of the same transaction as a debtor's cause of action for TILA violations which occurred in connection with the creation of that debt and, therefore, is a compulsory counterclaim to a TILA action brought by the debtor. Hence, a debtor's TILA counterclaim, by the same token, necessarily arises out of the same transaction as a creditor's action to liquidate and collect the debt, represented in the present circumstance by the claim filed by Wells Fargo, and, consequently, constitutes a compulsory counterclaim.

Recoupment is, "The right of a defendant to have the plaintiff's claim reduced or eliminated because of the plaintiff's breach of contract or duty in the same transaction. Black's Law Dictionary (9th ed. 2009)(emphasis added). It is, in other words, "A counterclaim arising out of the same transaction or occurrence as the one on which the original action is based." Id. Hence, to the extent of the amount of the debt owed by the defendant to the plaintiff, the terms "compulsory counterclaim" and "recoupment"

---

[1] Rule 13 is applicable to this proceeding by way of Federal Rule of Bankruptcy Procedure 7013.

3

are virtually synonymous. "In modern practice, the **recoupment** has been replaced by the compulsory counterclaim." Id. " 'Plea of recoupment' or 'recoupment' shall refer to a compulsory counterclaim." Ala.R.Civ.P. 81(e).

Because, according to Plant, a TILA counterclaim <u>filed in response to a claim filed by a creditor</u> in a bankruptcy case constitutes a compulsory counterclaim, and a recoupment is synonymous with a compulsory counterclaim, a TILA counterclaim filed in response to a claim filed by a creditor in a bankruptcy case necessarily constitutes a recoupment up to the amount of the creditor's claim. The Fifth Circuit Court of Appeals recognized in <u>Equal Employment Opportunity Commission v. First Nat'l Bank of Jackson</u>, 614 F.2d 1004 (5th Cir. 1980), "To state a claim in recoupment, a counterclaim must assert a claim arising out of the same transaction or occurrence which is the subject matter of the [plaintiff's] suit and seek relief only to the extent of diminishing or defeating the [plaintiff's] recovery." Id. at 1008. The Supreme Court of Alabama recognized in <u>Ex parte Fletcher</u>, 429 So.2d 1041 (Ala. 1982), "We hold that in a collection suit a counterclaim filed for violation of TILA disclosure provisions is compulsory and is in the nature of recoupment, and under Rule 13(c) it relates back to the time the original plaintiff's claim arose." Id. at 1044.

Therefore, because Ms. Davis' TILA counterclaim, which is made the basis of her objection to the claimant's claim, was brought in response to that claim, and arises out of the same transaction as the claim, and seeks reduction of the same to the extent of any judgment awarded to her based on that counterclaim, it necessarily constitutes a recoupment and, consequently, falls within the savings provision of 15 U.S.C. § 1640(e). <u>Coxson v. Commonwealth Mortgage Co. Of America (In re Coxson)</u>, 43 F.3d 189, 194 (5th Cir. 1995); <u>Tarver v. Citifinancial Auto, Ltd. (In re Tarver)</u>, 2007 WL 1876369, *3 (June 28, 2007, Bankr. M.D. Ala.).

### B. Statutory Attorney Fees

In contrast, the above conclusion applies only to Ms. Davis' request for statutory damages of $1,000. It does not resolve her request for attorney fees. In Plant, the court held that a creditor could not setoff attorney fees awarded to a debtor's attorney in a TILA action against the debt owed by the debtor. Naturally, fairness dictates that the same result in the opposite situation. Consequently, attorney fees awarded in a TILA action to a debtor's attorney may not be setoff against or recouped from the debt owed to the creditor. <u>Tarver v. Citifinancial Auto, Ltd. (In re Tarver)</u>, 2007 WL 1876369, *4 (June 28, 2007, Bankr. M.D. Ala.). Such an award is simply not "recoupable," to coin a phrase, by either a creditor or, by necessary implication, a debtor. And since that part of Ms. Davis' counterclaim does not, and cannot, constitute or result in recoupment, it does not fall within the savings provision of section 1640(e).

### C. Affirmative Award v. Reduction

Wells Fargo argues that the "any other relief" language in Count I of the debtor's objection and the "if any, and if not then to be awarded as damages to the debtor"

language in Count II indicates that the debtor is seeking an affirmative award of damages rather than simply a reduction of its claim. In Count I the debtor asked the court, "to sustain her objection by reducing the amount of Defendant's Claim #1." In Count II the debtor asked that any recovery be, "applied in recoupment to reduce the debt owed." Both counts indicate that the debtor's objective is recoupment. More importantly, it is not possible for the debtor to obtain an affirmative recovery of damages against Wells Fargo in this proceeding. Ms. Davis has admitted that she owes Wells Fargo an amount ($6,482.55) which is far greater than the amount of statutory damages that she has demanded. An award <u>in toto</u> of the statutory damages that she has requested cannot, therefore, result in anything more than a reduction of the debt that she owes to Wells Fargo, that is recoupment. Moreover, Ms. Davis' request for attorney fees and costs is barred by the statute of limitations which also precludes a recovery by her of any other kinds of damages in an amount greater than the amount which she admittedly owes to the claimant.

      An order will be entered contemporaneously with this Memorandum Opinion.

      Dated: June 16, 2011          /s/Benjamin Cohen
                                          BENJAMIN COHEN
                                          United States Bankruptcy Judge