IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| RADER MAE DAVIS, | |
| Appellant, | |
| v. | CIVIL ACTION NO. 2:11-CV-02766-WMA |
| WELLS FARGO FINANCIAL ALABAMA INC., | Bankruptcy Case No. 10-03274-BGC-13 |
| Appellee, | |
| D. SIMS CRAWFORD, | |
| Chapter 13 Trustee. | |

## MEMORANDUM OPINION AND ORDER

Before the court is an appeal of debtor-appellant, Rader Mae Davis ("Davis"), from the bankruptcy court's partial grant of a motion to dismiss filed by creditor-appellee, Wells Fargo Financial Alabama, Inc. ("Wells Fargo"), for failure to state a claim. The court's jurisdiction over this appeal is based on 28 U.S.C. § 158(a)(1). For the reasons that follow, the judgment of the bankruptcy court will be reversed.

### BACKGROUND FACTS AND PROCEDURAL HISTORY

On February 19, 2008, Davis executed a note and security agreement in favor of Wells Fargo secured by a 2003 Chrysler PT Cruiser in the original principal amount of $10,550.50.

On May 28, 2010, Davis filed a voluntary petition for relief under Chapter 13 of Title 11 of the United States Code, 11 U.S.C. § 101, *et seq.*, ("the bankruptcy code"), in the United States

Bankruptcy Court for the Northern District of Alabama. On June 2, 2010, Wells Fargo filed a proof of claim, deemed "claim 1-1", for $6,482.55, the amount remaining on the loan. Davis filed an objection to the proof of claim and a counterclaim ("the objection and counterclaim") against Wells Fargo on June 25, 2010, alleging that Wells Fargo violated the Truth in Lending Act, 15 U.S.C. § 1601, et seq. ("TILA" or "the act"), by failing to "accurately disclose the Finance Charge" and "accurately disclose the Annual Percentage Rate (APR) as required by 15 U.S.C. § 1638, and Regulation Z of § 226.18 by understating the APR by more than the one eighth of one percent (.0125) 'allowable tolerance' in the Agreement." In her objection and counterclaim, Davis seeks a reduction in the amount of Wells Fargo's claim, as well as statutorily-authorized attorneys' fees and costs if she wins. Davis's counterclaim proceeded as an adversary proceeding in the bankruptcy court.

On July 30, 2010, Wells Fargo moved to dismiss Davis's counterclaim, arguing that her TILA claim for statutory damages and her request for attorneys' fees are time-barred by TILA's one year statute of limitations because they were not asserted in recoupment or as a setoff. On June 16, 2011, the bankruptcy court entered an order partially granting Wells Fargo's motion to dismiss, holding that Davis's request for attorneys' fees is barred by TILA's one year statute of limitations because it was not asserted in

2

recoupment, and therefore does not fall within TILA's savings clause exception to the one-year statute of limitations as set forth in 15 U.S.C. § 1640(e). Davis timely filed her notice of appeal on June 28, 2011.

## STANDARD OF REVIEW

"The district court in a bankruptcy appeal functions as an appellate court in reviewing the bankruptcy court's decision." *In re Sublett*, 895 F.2d 1381, 1383 (11th Cir. 1990). The district court reviews the bankruptcy court's determinations of law *de novo*, and its findings of fact for clear error. *In re Int'l Pharm. & Discount II, Inc.*, 443 F.3d 767, 770 (11th Cir. 2005).

Rule 7012 of the Federal Rules of Bankruptcy Procedure incorporates by reference Rule 12(b) of the Federal Rules of Civil Procedure. Accordingly, a bankruptcy court considering a Rule 7012 motion to dismiss for failure to state a claim upon which relief may be granted must apply the familiar standard set forth by Fed. R. Civ. P. 12(b)(6). Under this standard, a court "construes the complaint in the light most favorable to the plaintiff and accepts all well-pled facts alleged [] in the complaint as true." *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009) (citation omitted). Of course, a court may "dismiss a complaint on a dispositive issue of law." *Day v. Taylor*, 400 F.3d 1272, 1275 (11th Cir. 2005).

3

## ANALYSIS

The precise question presented by this appeal is whether Davis's request for TILA attorneys' fees in her objection and counterclaim to Wells Fargo's proof of claim falls within the savings clause exception to TILA's one-year statute of limitations, such that it is not time-barred.

Section 1640 of TILA provides that individuals who are successful in establishing that their creditors are in violation of the act are entitled to certain specified damages amounts, as well as "the costs of the action, together with a reasonable attorney's fee . . ." 15 U.S.C. § 1640(a)(1)-(3). Section 1640 also provides that an action to enforce its provisions must be brought within "one year of the date of the occurrence of the violations." *Id.* § 1640(e). The violation "occurs" when the transaction is consummated. *In re Smith*, 737 F.2d 1549, 1553 (11th Cir. 1984). However, section 1640(e) further provides that the one-year statute of limitations "does not bar a person from asserting a violation of this subchapter in an action to collect the debt . . . as a matter of defense by recoupment or set-off in such action." 15 U.S.C. § 1640(e).

It is undisputed that Davis and Wells Fargo executed the loan agreement on February 19, 2008, and Davis did not file her counterclaim until June 25, 2010—well past the February 19, 2009, expiration of the statute of limitations. However, in its

4

memorandum opinion granting in part and denying in part Wells Fargo's motion to dismiss, the bankruptcy court held that Davis's TILA claim falls within the savings clause exception to the statute of limitations because it was asserted defensively, in response to Wells Fargo's proof of claim, and thus constitutes recoupment. *See Smith*, 737 F.2d at 1552 n.7, 1554 (defining recoupment as "[t]he right of a defendant, in the same action, to cut down the plaintiff's demand either because the plaintiff has not complied with some cross obligation of the contract on which he sues or because he has violated some duty which the law imposes on him in the making or performance of that contract," and stating that "[t]o qualify as recoupment a cause of action must be asserted defensively") (quoting BALLENTINE'S LAW DICTIONARY 1070 (3d ed. 1969)). The bankruptcy court's holding as to Davis's TILA claim is supported by well-established case law. *See, e.g., In re Coxson*, 43 F.3d 189, 194 (5th Cir. 1995); *In re Woolaghan*, 140 B.R. 377, 383 (Bankr. W.D. Pa. 1992) ("The right of a debtor in bankruptcy to invoke the doctrine of recoupment to reduce a secured proof of claim of a [] lender by the amount of statutory TILA damages has been recognized again and again in the case law."). In any event, it is not the timing of Davis's TILA claim that is at issue in this appeal. Instead, it is her request for attorneys' fees should she win on her TILA claim. The bankruptcy court held that that part of her objection and counterclaim is time-barred because it does not

5

constitute recoupment, and thus does not fall within the savings clause exception to the one-year statute of limitations.

In considering this issue, this court begins by noting that section 1640(a) entitles an individual to attorneys' fees "in any successful action" for violation of TILA, and this entitlement is not limited in any way. Further, the savings clause provision contained in section 1640(e) says nothing to suggest that an individual is precluded from requesting attorneys' fees when he or she asserts the TILA claim defensively in setoff or recoupment. As such, Davis correctly contends that the language of the statute is unambiguous, and that if Congress had intended to exclude requests for attorneys' fees from actions brought in recoupment or setoff after the one-year statute of limitations expired, it would have created such an exception.

Wells Fargo relies primarily on two cases for its position that TILA attorneys' fees cannot be asserted by a debtor in recoupment to reduce a creditor's secured proof of claim under section 1640: 1) *Plant v. Blazer Financial Services, Inc. of Georgia*, 598 F.2d 1357 (5th Cir. 1979), a case decided prior to Congress's 1981 amendment of TILA to enact the "statutory recoupment" provision in section 1640(e), but in which the Fifth Circuit[1] held that attorneys' fees are not subject to setoff

---

[1] Decisions of the Fifth Circuit prior to October 1, 1980, that have not been overruled by the Eleventh Circuit remain binding on federal courts within the Eleventh Circuit. *Bonner v.*

6

against the debtor's outstanding debt to the creditor; and 2) *In re Tarver*, 2007 WL 1876369 (Bankr. M.D. Ala. June 28, 2007), an unreported bankruptcy decision based on facts similar to those in this case in which the bankruptcy court relied on *Plant* in holding that a debtor's request for attorney's fees in conjunction with her TILA claim asserted in recoupment was time-barred under section 1640(e) because it was a request for affirmative relief. As will be explained below, the court is of the opinion that despite the significance that some bankruptcy courts have attached to the holding in the *Plant* decision, *Plant* is distinguishable from this case, and thus does not control the outcome.

In *Plant*, a debtor brought a TILA action against her creditor, and the creditor filed a counterclaim to recover under the underlying debt. 598 F.2d at 1359. The district court entered judgment in favor of the debtor on her TILA claim and in favor of the creditor on its counterclaim. *Id.* The district court awarded the debtor the statutory penalty and attorneys' fees provided for by TILA. *Id.* However, the district court offset the debtor's award, including her attorneys' fees award, against the judgment for the creditor on its counterclaim, and the debtor appealed the offset of attorneys' fees. *Id.* The Fifth Circuit held that "in a truth-in-lending action an award of attorney's fees is not subject

---

*City of Pritchard*, 661 F.2d 1206, 1207 (11th Cir. 1981).

7

to setoff against the debtor's outstanding debt to the creditor. No discretion is available to the trial court in this matter and the attorney is entitled to the fee that is awarded him regardless of any controversy regarding the underlying debt." *Id.* at 1365. The court explained that it reached this conclusion by examining TILA's underlying purpose, which is to "assure debtors of accurate and uniform disclosure of the material features of credit obligations," as well as the act's enforcement mechanism, which makes available double civil damages with a maximum ceiling of $1,000.00 to a successful plaintiff. *Id.* The Fifth Circuit explained that TILA's remedial purpose and enforcement scheme counseled against allowing a prevailing debtor's attorneys' fees award be subject to setoff against his outstanding debt, reasoning:

> As a practical matter, the award of attorney's fees is a critical and integral part of [section 1640]. Because of the small amounts involved, many potential truth-in-lending plaintiffs are either unable to afford an attorney or unable to justify the expense of an attorney. Allowance of attorney's fees in a successful action makes legal representation available in a matter analogous to the contingent fee system. Were the attorney's fee award subject to setoff, the expectation of fees from a successful action might well be limited to the resources of the debtor in any case where the outstanding debt, being in default and subject to counterclaim, exceeded the recovery. To allow a setoff would in effect relieve the creditors in violation of the Act of the attorney's fee expense in the case of an insolvent debtor. Such a result would thwart the statute's individual enforcement scheme and its remedial objectives.

*Id.* at 1365-66.

Wells Fargo contends that *Plant's* holding that attorneys' fees are not subject to setoff against the debtor's outstanding debt to the creditor means that attorneys' fees constitute affirmative relief that cannot be said to be asserted in "recoupment" under section 1640(e). However, the court has previously noted that *Plant* was decided before Congress amended TILA in 1981 to enact the "statutory recoupment" provisions codified at section 1640(e), and in any event, the *Plant* court did not address recoupment, but common-law setoff. Most importantly, the situation in the present case is the opposite of that in *Plant*. Here, the **debtor** is seeking a setoff or recoupment, while in *Plant*, the **creditor** was seeking the setoff. In *Plant*, the Fifth Circuit actually upheld the award of attorneys' fees to the debtor, and refused to allow the creditor to setoff the debtor's attorneys' fees award to go towards payment of the outstanding debt because such a practice would discourage debtors from pursuing TILA remedies. This holding does not suggest that an award of attorneys' fees cannot be applied **by the debtor** to reduce the amount owed to the creditor on the underlying loan; in fact, it suggests that it can and should, because such a practice would be in keeping with TILA's purpose of encouraging debtors to pursue remedies under the act, including justifying the expense of an attorney.

9

Nevertheless, the bankruptcy court in *In re Tarver* relied on *Plant* in holding that a debtor's request for TILA attorneys' fees was time-barred because she was seeking affirmative, not defensive, relief, and was thus not covered by the savings clause. 2007 WL 1876369, at *4. As in the present case, the debtor in *Tarver* asserted a TILA violation as a matter of defense by recoupment against the creditor's proof of claim, and sought statutory damages and attorneys' fees. *Id.* at *1. The bankruptcy court quoted the language in *Plant* that "the attorney's fees are not subject to setoff against the creditor's claim" and stated: "Because the fees are not subject to setoff, they constitute affirmative relief. The affirmative relief components of the action are time-barred." *Id.* at *4. Accordingly, the bankruptcy court dismissed the debtor's request for attorney's fees, stating rather conclusorily: "This result is not out of keeping with the claims objection process. The Bankruptcy Code has no fee shifting provisions for a debtor's attorney who successfully objects to a creditor's claim." *Id.*

As noted previously, the court does not agree with the bankruptcy court's reasoning in *Tarver* that because the Fifth Circuit in *Plant* refused to allow attorneys' fees to be subject to setoff by a **creditor** (because this would discourage debtors from pursuing TILA claims), that a **debtor** may not request attorneys' fees as part of a recoupment claim under section 1640(e), a section enacted after *Plant* was decided. Other bankruptcy cases have

10

reached the same conclusion, or discussed the issue in dicta. *See In re Martinez*, 2007 WL 1174186, at \*6 & n.5 (Bankr. S.D. Tex. April 19, 2007) (the bankruptcy court found that the debtor's TILA causes of action were defensive in nature and thus subject to the exception to TILA's one-year statute of limitations for violations that are being used as a defense by recoupment or setoff, but stated: "However, the Court will not go so far as to conclude that the request for attorney's fees is part of a defense. The portions of TILA cited by the Debtor do not include the right to recover attorney's fees as part of a defensive claim. Rather, this Court will require the Debtor to amend his Complaint and Objection to Claim to remove all demands for attorney's fees for violations of TILA."); *In re Dawson*, 411 B.R. 1, 19 n.10 (Bankr. D.D.C. April 9, 2008) (noting in dicta that attorney fees may not be recoverable if debtor asserts TILA claims only defensively, quoting *Martinez*).

Apparently following the path taken by the bankruptcy court in *Tarver* in interpreting the *Plant* decision, the bankruptcy court in the present case reasoned that because in *Plant*, the court held that a creditor could not setoff attorneys' fees awarded to a debtor's attorney in a TILA action against the debt owed by the debtor, "fairness dictates the same result in the opposite situation." *In re Davis*, 2011 WL 2458084, at \*3 (Bankr. N.D. Ala. June 16, 2011). The court continued: "Consequently, attorney fees awarded in a TILA action to a debtor's attorney may not be setoff

11

against or recouped from the debt owed to the creditor. Such an award is simply not 'recoupable,' to coin a phrase, by either a creditor or, by necessary implication, a debtor. And since that part of Ms. Davis' counterclaim does not, and cannot, constitute or result in recoupment, it does not fall within the savings provision of section 1640(e)." *Id.* (citing *Tarver*). The bankruptcy court does not explain **why** the same result is necessary in the opposite situation. This court does not agree that it is, considering that the purpose of TILA is to encourage debtors to pursue statutory remedies, as discussed in *Plant*. In short, *Plant*, the case that these bankruptcy courts rely on for the proposition that a debtor may not recoup TILA attorneys' fees from the debt it owes the creditor, actually **awarded** the attorneys' fees to the debtor and barred the creditor from setting off its claim against the attorneys' fees awarded to the debtor because doing so would discourage debtors from pursuing TILA remedies.

The court has independently located a case, *In re Wentz*, 393 B.R. 545 (Bankr. S.D. Ohio Sept. 2, 2008), in which a bankruptcy court considered the same facts and reached the conclusion that this court reaches today. In *Wentz*, the debtor sought attorneys' fees as part of her claim of TILA violations asserted in defense to her creditor's proof of claim under section 1640(e). *Id.* at 549. The court discussed *Plant*, *Martinez*, *Tarver*, and *Dawson*, but concluded that "[t]he court finds no principled basis to parse the

12

equitable doctrine of recoupment to conclude that a plaintiff can seek damages to reduce a creditor's proof of claim under federal predatory lending statutes, but cannot include attorney fees in those recoupment damages." *Id.* at 559. The court distinguished *Plant* at length, recognizing that allowing a debtor to apply an award of TILA attorneys' fees to recoup or offset the debt she owes her creditor does not conflict with the holding in *Plant*:

> [T]he *Platt* [sic] decision upheld the recovery of attorney fees by the plaintiff debtor, and merely prohibited the defendant creditor from setting off its claim under the subject loan against the attorney fees awarded to the plaintiff debtor. The *Platt* [sic] decision noted that, to allow such a creditor setoff, would discourage debtor actions under the federal consumer housing statutes. By contrast, in this adversary proceeding, allowing attorney fees to be included in the Plaintiff's recoupment claim would not have the deterrent effect the court was avoiding in *Platt* [sic], but similarly encourages debtors to pursue remedies under the federal consumer housing statutes.

*Id.* at 560.

The court finds the bankruptcy court's reasoning in *Wentz* more persuasive than the limited analysis presented in *Tarver* and *Martinez*. In sum, TILA specifically allows successful plaintiffs to receive attorneys' fees. When the TILA claim is asserted defensively in an action for recoupment under section 1640(e), nothing in the language of section 1640 forces the conclusion that the TILA claim can proceed, but the debtor is not entitled to

13

attorneys' fees if the TILA claim is successful.  Nor does the Fifth Circuit's holding in *Plant* direct that conclusion, and this court is not bound by the unreported bankruptcy decisions holding that it does.  Instead, TILA's underlying policy of debtor protection and its means of enforcing its provisions through set damages amounts and fee shifting provisions forces the opposite conclusion.  A debtor may request attorneys' fees in a TILA counterclaim brought in recoupment pursuant to section 1640(e).

For the foregoing reasons, the bankruptcy court's order partially dismissing Davis's action is hereby **REVERSED** and the case is **REMANDED** for action in accordance with this opinion.  The parties shall bear their respective costs.

DONE this 8th day of December, 2011.

                                    WILLIAM M. ACKER, JR.
                                    UNITED STATES DISTRICT JUDGE